AO 102 (01/09)  Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br>BLACK CADILLAC SRX, LICENSE PLATE NUMBER<br>GOY5935, VIN # 3GYFNBE38ES677043 | )<br>)<br>)<br>)  Case No. 3:17 mj 451<br>)<br>) |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 SEP 28  PM 3:42
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. AT DAYTON
SHARON L. OVINGTON

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841 and 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
BLACK CADILLAC SRX, LICENSE PLATE NUMBER GOY5935, VIN # 3GYFNBE38ES677043

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Patrick Gragan, SA of the FBI
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: __9-28-17__

_____
*Judge's signature*

City and state: __Dayton, Ohio__            Sharon L. Ovington, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF BLACK CADILLAC SRX, LICENSE PLATE NUMBER GOY5935, VIN # 3GYFNBE38ES677043 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Patrick Gragan, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a black 2014 Cadillac SRX bearing license plate number GOY5935and vehicle identification number 3GYFNBE38ES677043 ("the **SUBJECT VEHICLE**"). Based on the facts set forth in this affidavit, I believe that the **SUBJECT VEHICLE** is presently being used in furtherance of drug trafficking and that there is probable cause to believe that the installation of a tracking device on the **SUBJECT VEHICLE** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice, Cincinnati Division. I have been employed as a Special Agent with the FBI since May 2016. I have received training in national security and criminal investigations, and have conducted investigations related to international terrorism, white collar crimes, drug trafficking, public corruption, and violent crimes. As part of these investigations, I have

participated in physical surveillance, records analysis, have worked with informants who have provided information and assistance on subjects of investigations, and utilized GPS tracking capabilities. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

3. On or about November 29, 2016, law enforcement conducted a traffic stop of a vehicle driven by **Jasmine LEE** in Fayette County, Ohio. Lee was found to have a quantity of drugs, including, but not limited to, cocaine and fentanyl. Through a confidential informant (CI#1), law enforcement was able to determine that the drugs belonged to **William PRIGMORE**. **PRIGMORE** was in another vehicle at the time of the traffic stop and continued on when Lee was stopped. On or about December 1, 2016, **PRIGMORE** bonded **LEE** out of jail.

4. On or about December 20, 2016, law enforcement conducted a traffic stop of a Chevrolet Malibu, bearing Ohio plates GXQ4138, for travelling too closely. **LEE** was the driver and **PRIGMORE** was the passenger. **LEE** advised that she was traveling from Dayton, Ohio to Vienna, West Virginia to visit family. During the stop, a canine unit positively indicated at the odor of narcotics. **PRIGMORE** and **LEE** were placed in the rear of the patrol car, and officers conducted a probable cause search of the vehicle. A small bag of green leafy substance was found in the vehicle, which **LEE** admitted was marijuana that belonged to her.

5. Law enforcement allowed **LEE** and **PRIGMORE** to return to their vehicle while the citation was being completed. At this time law enforcement reviewed the car audio/video

recording and observed **LEE** reach inside the front of her pants and pull something out. She then passed the item to **PRIGMORE** who appeared to be attempting to alter it and then passed it back to her. **LEE** then stuffed the item back into the front of her pants. Law enforcement approached the vehicle again and questioned **LEE** and **PRIGMORE**. **LEE** admitted that the item was a small amount of heroin and agreed to retrieve it. Law enforcement secured what appeared to be two small brownish white rocks inside a plastic wrapper.

6. On or about February 22, 2017, law enforcement responded to a shooting at 71 North Main Street, Apartment 4, Jeffersonville, Ohio. Law enforcement learned that **PRIGMORE** had come to the apartment to collect a drug debt from an individual, who will be referred to for the purpose of this Affidavit as A. M. A.M.'s boyfriend, who will be referred to for the purpose of this Affidavit as D.D., confronted **PRIGMORE** with a gun and fired several shots, hitting **PRIGMORE** in the finger.

7. On or about March 23, 2017, CI#1, at **PRIGMORE's** direction, wired buy money through Walmart to **Lashawnda LESLIE**.

8. On or about March 28, 2017, law enforcement conducted a search warrant at 135 North Street, Greenfield, Ohio. Law enforcement discovered, through an interview, that **PRIGMORE** had been there that morning and handed out samples of controlled substance that may have led to several overdoses.

9. On or about April 4, 2017, CI#1 called **PRIGMORE**. **PRIGMORE** stated that he was still in West Virginia, but would have his sister deliver some dope. Approximately a half-hour later, CI#1 texted **PRIGMORE**. **LEE** answered the text informing that **PRIGMORE** had passed out and could not answer.

10. On or about July 6, 2017, law enforcement conducted a traffic stop of a 2017 Buick Regal, bearing Michigan license plate DE85160, for reckless operation. **PRIGMORE** was the driver. **PRIGMORE** consented to a search of his vehicle. Law enforcement discovered eight $1,000 bundles and one $2,000 bundle in the vehicle. Also found was court paper work for **LEE** for felony drug trafficking offenses. **PRIGMORE** advised that he was traveling to Xenia to see his girlfriend.

11. On or about July 20, 2017, law enforcement arrested **Nancy GARZA** and **Shawn STARCHER** in Lima, Ohio with a quantity of carfentanil in their possession. **GARZA** and **STARCHER** were in a maroon-colored 2003 Chevy Tahoe bearing Ohio plates HFD7111 registered to **LESLIE**. Approximately a few days later, law enforcement contacted **LESLIE** and left a voicemail for her that her vehicle had been impounded.

12. On or about July 26, 2017, **LESLIE** filed a stolen vehicle report for a maroon 2003 Chevy Tahoe. **LESLIE** reported that she had last seen the vehicle on July 19, 2017. She left the keys in her apartment located at 341 Stelton Road, Apartment 608, Xenia, Ohio. When she returned on July 26, 2017 the vehicle was gone. **LESLIE** advised that her friend, Princess Noriega also known as Nori, sometimes stayed at the apartment and had access to the keys. Law enforcement identified Princess Noriega as **GARZA.**

13. On or about August 14, 2017, law enforcement confirmed that **LESLIE** had rented an apartment located at 341 Stelton Road, Apartment 608, Xenia, Ohio. The apartment manager advised that **LESLIE** drives a black Cadillac SRX, bearing license plate GOY5935. The vehicle is registered to **LESLIE** and another individual, who for the purpose of this Affidavit will be referred to as S.K. Law enforcement interviewed a resident of the apartment complex, who lived in proximity to apartment 608. The resident was shown photographs of

4

**GARZA** and **STARCHER**. The resident positively identified both as individuals that had moved into apartment 608 approximately four months ago.

14. On or about August 20, 2017, **LESLIE** called the Lima (Ohio) Police Department and inquired whether **PRIGMORE** was being charged and if there was a case open on **PRIGMORE**. Prior to this call, **PRIGMORE's** name had not been brought up in the investigation of **GARZA** and **STARCHER.**

15. On or about August 21, 2017, law enforcement conducted a traffic stop of a vehicle, where **LEE** was the passenger, in Parkersburg, West Virginia. Law enforcement found a large amount of cash on **LEE's** person and suspected heroin and paraphernalia on the driver. Inside the vehicle, law enforcement discovered a drivers license and two credit cards in the name of "William Prigmore."

16. On or about August 25, 2017, law enforcement observed the **SUBJECT VEHICLE** at 341 Stelton Ave. Law enforcement also observed **PRIGMORE** as the driver of the **SUBJECT VEHICLE**. Security footage from the apartment complex shows **PRIGMORE** and, who appears to be, **Mark DAMRON** arrive at the complex at approximately 5:29 a.m. At approximately 10:48 a.m. **PRIGMORE** entered the driver's side of the **SUBJECT VEHICLE** and drove away. The **SUBJECT VEHICLE** returned at approximately 2:10 p.m. and then left again at approximately 2:27 p.m.

17. On or about August 25, 2017, law enforcement conducted a traffic stop of the **SUBJECT VEHICLE**, driven by **LESLIE** in Beavercreek, Ohio. A canine unit indicated positively at the presence of possible narcotics in the vehicle.

18. On or about September 25, 2017, a confidential informant (CI#2) observed **PRIGMORE** with **LESLIE** in a black Dodge Charger. **LESLIE** exited the Charger and went

inside her apartment. **PRIGMORE** exited the Charger and got into the **SUBJECT VEHICLE,** sat there for a few minutes, and drove away.

19. Based on my own observations and the observations of other law enforcement officers and witnesses, I know that the **SUBJECT VEHICLE** is presently within the Southern District of Ohio.

20. In order to track the movement of the **SUBJECT VEHICLE** effectively and to decrease the chance of detection, I seek authorization to place a tracking device on the **SUBJECT VEHICLE** while it is in the Southern District of Ohio.

21. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. The **SUBJECT VEHICLE** is easily observable by from the subject's apartments and from surrounding apartments and roads during daylight hours.

22. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the Federal Bureau of Investigation or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the **SUBJECT VEHICLE** within the

Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **SUBJECT VEHICLE** after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

24. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

25. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the Federal Bureau of Investigation, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause

to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully submitted,

_____
Patrick Gragan
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on September 28th, 2017

_____
UNITED STATES MAGISTRATE JUDGE